UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

Ezra C. Sultan,                                              Docket No.:

                                    Plaintiff,

          -against-                                    **VERIFIED COMPLAINT**

Coinbase, Inc.,

                                    Defendant.

-------------------------------------------------------------------------X

## NATURE OF ACTION

Plaintiff Ezra C. Sultan ("Plaintiff") a citizen of the State of New York, by his attorneys,

The Dweck Law Firm LLP, complains of Defendant Coinbase, Inc. ("Coinbase") for breach of

contract, negligence, violating the requirements as imposed upon them by the New York State

Department of Financial Services, and failure to implement proper and available measures in

protecting its customers from security breaches which has caused Plaintiff to sustain a loss of a

substantial amount of money as a result thereof. Plaintiff now seeks to recover damages and

equitable relief.

## THE PARTIES

1.      Plaintiff Ezra C. Sultan is a resident of the State of New York, City of New York, the

Borough of Brooklyn.

2.      Defendant Coinbase is a Delaware corporation with its principal place of business located

on 548 Market Street, #23008, San Francisco, California, 94104 and maintains offices within the

State of New York, City of New York, at 111 8th Avenue, New York, New York 10011.

## JURSIDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1322(a)(2) because the

Plaintiff resides in the Eastern District of New York, the Defendant is a citizen of the State of

1

California, and the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and the parties herein are citizens of different States.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Plaintiff resides within the Eastern district of New York, and a substantial part of the events or omission and damages giving rise to this action occurred in this district.

## STATEMENT OF FACTS

5.     Upon information and belief, Coinbase maintains its headquarters in San Francisco, California and operates in at least 32 countries, has a customer base of at least 10 million, and has facilitated the exchange of at least $50 billion dollars in digital currency on its digital currency trading platform.

6.     Coinbase is a website retail broker that allows users thereof to buy and sell digital currencies such as Bitcoin, Bitcoin Cash, Ethereum, and Litecoin (collectively "Cryptocurrencies").

7.     Upon information and belief, Coinbase is the owner of the digital currency exchange website, Global Digital Asset Exchange ("GDAX"), whose primary business function is to provide its users with services such as transmitting, storing, holding, maintaining custody or control on behalf of others, buying, selling, performing exchange services, controlling, administering, and issuing cryptocurrencies.

8.     Both Coinbase and GDAX collect fees from their users in order to provide them with the aforementioned services.

9.     Both Coinbase and GDAX allow users to link their bank accounts with their Coinbase user account to facilitate the purchase of Cryptocurrencies with their fiat currencies, such as the United States Dollar or Pound Sterling, held in their bank accounts.

2

10.     Both Coinbase and GDAX allows users to trade their purchased or existing Cryptocurrencies for fiat currency and send the fiat currency to their linked bank account.

11.     Both Coinbase and GDAX further allows users to transfer their purchased or existing Cryptocurrencies, held on the Coinbase exchange platform, to other Coinbase users or other exchange platforms to trade Cryptocurrencies.

12.     Upon information and belief, Coinbase obtained a license from the New York State Department of Financial Services ("NYSDFS ") in order to provide the aforementioned services associated with cryptocurrencies in the State of New York (the "BitLicense").

13.     As a licensee of a BitLicense, Coinbase was required to abide by Title 23, Chapter I, Part 200, the New York Codes, Rules and Regulations of the NYSDFS, which contains regulations relating to the conduct of businesses involving Cryptocurrencies.

## COUNT I
### (Negligence)

14.     Plaintiff repeats and realleges each and every allegation of this Complaint numbered 1 through 13 inclusive, as though more fully set forth at length herein.

15.     At all relevant times, Plaintiff has and still maintains a user account with Coinbase and GDAX which he used regularly to transmit, store, hold, buy, and sell, Cryptocurrencies.

16.     On December 12, 2017, Plaintiff's Coinbase user account contained Cryptocurrencies, including Litecoins.

17.     On December 12, 2017, Plaintiff contacted what was advertised as the Coinbase customer support phone number (888) 455-1155, to inquire about a transfer of Litecoins which he previously initiated but which was never completed and remained pending.

18.     Upon calling the above phone number, an individual responded that he was a Coinbase customer support person and offered to assist the Plaintiff with his pending transaction. The

3

Coinbase customer support Person insisted that Plaintiff disclose his sensitive and private information in order to resolve his issue for the transfer of Litecoins. After Plaintiff provided the requested information, the purported Coinbase customer support person ("Hacker") transferred a total of 545 Litecoins from Plaintiff's Coinbase account to an unidentified and unauthorized cryptocurrency wallet address, without the permission, knowledge, consent or authorization of the Plaintiff.

19.     A cryptocurrency wallet address is akin to an electronic bank account wherein Cryptocurrency is electronically stored.

20.     Upon information and belief, the Hacker posed and represented to this Plaintiff that he was an authorized *bona fide* Coinbase customer service support person and obtained Plaintiff's Coinbase user information such as username, passcode, and other private information in order to illegally transfer Plaintiff's cryptocurrencies held in his account to another account or a cryptocurrency wallet without authorization.

21.     Coinbase owed the duty to the Plaintiff and its users to provide security, consistent with industry standards and requirements, governmental regulations, and own its internal policies, to ensure that its computer systems, networks, and personnel, adequately protected the personal and financial information of users who utilized the Coinbase and GDAX exchange platforms, as well as ensuring that the Coinbase and GDAX customer support contact information would not be infiltrated and/or undermined by Hackers who would pose as legitimate Coinbase customer support individuals as a means to deceptively and fraudulently obtain private login information from Coinbase users or the property of the users.

22.     Upon information and belief, in order for users to execute a transfer of a user's Cryptocurrencies out of Coinbase and GDAX, Coinbase represented and warranted that it

4

maintained an internal policy of which required the input of a "Two-Factor Authentication" code ("2FA") to verify the user's identity and to prevent fraudulent transfers to unintended parties.

23.     The 2FA code is associated with, and generated to, a specific electronic device, such as a phone, computer, or tablet.

24.     Plaintiff was aware and under the assumption and belief, and relied upon the representation of Coinbase, that a 2FA code would be required to be provided for in order to make any transfers out of his account.

25.     Upon information and belief, Coinbase failed and neglected to require the Hacker to input a 2FA code prior to the Hacker's transfer of the Plaintiff's 545 Litecoins to an unauthorized cryptocurrency wallet.

26.     Plaintiff never provided the Hacker with a 2FA code.

27.     Coinbase owed a duty of care to the Plaintiff and its users because they were foreseeable and probable victims of hackers and scammers, and inadequate security on exchange trading platforms is a prevalent concern in the Cryptocurrency industry today.

28.     Coinbase solicited, gathered, and stored, sensitive and private information, Cryptocurrencies, and fiat currencies, of the Plaintiff in order to facilitate his regular transactions on the exchange platform such as to buy, sell, and transfer Cryptocurrencies.

29.     Coinbase knew or should have known that its security measures for its phone system, website or exchange platform, were inadequate and thus, exposed and rendered it susceptible and vulnerable to hackers or scammers who could pose as Coinbase customer service support personnel and deceive the Plaintiff into releasing his sensitive and thus, private information to illegally and improperly access his account.

30.     Coinbase was thus aware or should have been aware that its security measures were

inadequate for its phone system, website or exchange platform and thus, allowed and permitted

the unauthorized transfer of cryptocurrencies within Coinbase user accounts to unauthorized

cryptocurrency wallets, including the Litecoins which were owned by the Plaintiff and contained

in his Coinbase user account.

31.     The NYSDFS imposes a duty upon Coinbase to implement cyber security measures to

protect the exchange, and its user's accounts, sensitive information, and funds, from

unauthorized access, use or tampering.

32.     Pursuant to Section 200.7 of the NYSDFS regulation, Coinbase is a licensee of the

BitLicense issued to it by the NYSDFS and was thus obligated to comply with all applicable

federal and state laws, rules, and regulations.

33.     Section 200.16(a) "Cyber security program" of the NYSDFS states in pertinent part:

> "Each Licensee shall establish and maintain an effective cyber security program
> to ensure the availability and functionality of the Licensee's electronic systems
> and to protect those systems and any sensitive data stored on those systems from
> unauthorized access, use, or tampering. The cyber security program shall be
> designed to perform the following five core cyber security functions: (1) identify
> internal and external cyber risks by, at a minimum, identifying the information
> stored on the Licensee's systems, the sensitivity of such information, and how and
> by whom such information may be accessed; (2) protect the Licensee's electronic
> systems, and the information stored on those systems, from unauthorized access,
> use, or other malicious acts through the use of defensive infrastructure and the
> implementation of policies and procedures; (3) detect systems intrusions, data
> breaches, unauthorized access to systems or information, malware, and other
> Cyber Security Events; (4) respond to detected Cyber Security Events to mitigate
> any negative effects; and (5) recover from Cyber Security Events and restore
> normal operations and services."

34.     Coinbase received a BitLicense from NYSDFS to operate as an exchange of

Cryptocurrencies within the State of New York, and thus, is a Licensee pursuant to Title 23,

Chapter I, Part 200 of the NYSDFS Regulations.

35.    Section 200.19(g) of the NYSDFS regulation mandates that:

"Licensees are prohibited from engaging in fraudulent activity. Additionally, each Licensee shall take reasonable steps to detect and prevent fraud, including by establishing and maintaining a written anti-fraud policy. The anti-fraud policy shall, at a minimum, include: (1) the identification and assessment of fraud-related risk areas; (2) procedures and controls to protect against identified risks; (3) allocation of responsibility for monitoring risks; and (4) procedures for the periodic evaluation and revision of the anti-fraud procedures, controls, and monitoring mechanisms."

36.    Section 200.20(a) of the NYSDFS regulation further mandates that each Licensee shall establish and maintain written policies and procedures to fairly and timely resolve complaints.

37.    Coinbase's negligence, carelessness, and recklessness arose from, but not limited to, the following:

    a.    failing to provide adequate cyber security measures as mentioned above which constitutes non-compliance with industry standards, governmental regulations, and its own internal policies;

    b.    failure to implement adequate security protocols – including that which is required by industry standards, governmental regulations, and its own internal policies;

    c.    failing to properly implement and/or consistently failed to follow security protocols such as requiring the input of a 2FA code as a condition to execute a transfer of cryptocurrency funds out of one account to another account or into a cryptocurrency wallet;

    d.    failing to properly advise, patrol, respond, address, and monitor customer and industry wide complaints of hackers and scammers that were targeting Coinbase users for their personal and sensitive information in order to illegally obtain

access to their accounts, which complaints of hackers and scammers were

prevalent and known to Coinbase;

e.  Coinbase failed to abide by its own internal security policies of requiring the input

of a 2FA code in order to execute the transfer of funds out of Plaintiff's account,

as well as failing to provide the required security protection to Plaintiff and

Coinbase users as mandated by Section 200.7 of the NYSDFS Regulation;

f.  Coinbase failed to and neglected to abide by Section 200.7 of the NYSDFS

Regulation and Coinbase's own internal security policies, and thus, allowed

hackers and scammers to illegally obtain access to Plaintiff's Coinbase account

and cause the transfer of his Litecoins to an unauthorized cryptocurrency wallet;

g.  Coinbase neglected to abide by Section 200.19(g) of the NYSDFS regulations by

failing to mitigate the security risks created by hackers and scammers and failing

to monitor the fraudulent conduct of hackers and scammers who advertised and

posed as Coinbase customer support individuals; and

h.  Coinbase has failed to act in good-faith and to the detriment of Plaintiff by failing

to fairly and timely resolve his complaint as required by Section 200.20(a) of the

NYSDFS Regulations.

38.     Coinbase knew and could reasonably foresee that the inadequate security would cause the

Plaintiff and other such users to sustain substantial financial harm and was therefore charged

with a duty to adequately prevent hackers and scammers from intercepting Coinbase's customer

service inquiries and posing as customer service support staff to Coinbase users such as Plaintiff.

39.    As a direct and proximate result of Coinbase's negligent conduct, Plaintiff has suffered

injury and is entitled to damages in an amount to be proven at trial but in an amount no less than

$204,554.85.


## COUNT II
**(Breach of Contract)**

40.    Plaintiff repeats and realleges each and every allegation of this Complaint numbered 1

through 39 inclusive, as though more fully set forth at length herein.

41.    Plaintiff and Coinbase entered into an agreement upon Plaintiff's registration of his

Coinbase user account and Coinbase's acceptance of the Plaintiff's registration thereof.

42.    Coinbase's policies state that Coinbase would hold and securitize the Cryptocurrencies

belonging to Coinbase users, including the Plaintiff's Litecoins, with adequate security.

43.    In order to execute trades of Cryptocurrencies, the Coinbase users, including Plaintiff,

were required to store Cryptocurrencies in the Coinbase and/or GDAX exchange trading

platform.

44.    Coinbase and/or GDAX received fees from Coinbase users, including the Plaintiff, for

their trades of Cryptocurrency within the exchange trading platform.

45.    As per Coinbase's policies, if Coinbase users, including the Plaintiff, sustained a loss of

their Cryptocurrencies as a result of a breach of Coinbase and/or GDAX by hackers or

scammers, then Coinbase would reimburse the Coinbase users, including Plaintiff, for the

amount lost as a result thereof.

46.    Hackers and scammers capitalized on Coinbase's lack of adequate security protocols that

were required to protect Coinbase users and Plaintiff, and the Cryptocurrencies stored in their

Coinbase and/or GDAX accounts, such as the requirement that the hackers and scammers

provide input identity verification protocols, including the input of a 2FA code, in order to transfer Cryptocurrencies out of Coinbase and/or GDAX.

47.     On December 12, 2017, the Hackers illegally accessed Plaintiff's Coinbase user account without his knowledge, permission, consent, or authorization, and transferred Plaintiff's 545 Litecoins to an unknown Cryptocurrency wallet address.

48.     Plaintiff immediately notified Coinbase about his stolen and appropriated 545 Litecoins, but Coinbase has failed, neglected, and/or refused to reimburse Plaintiff for his loss of those Litecoins.

49.     Coinbase's refusal to reimburse Plaintiff for his stolen Litecoins was contrary to Coinbase's policies and its contractual obligations to the Plaintiff.

50.     As a result of Coinbase's failure and refusal to abide by the representations made in its policies and its contractual obligations, the Plaintiff has suffered injury and is entitled to damages in an amount to be proven at trial but in an amount no less than $204,554.85.

## COUNT III
### (Breach of Bailment)

51.     Plaintiff repeats and realleges each and every allegation of this Complaint numbered 1 through 50 inclusive, as though more fully set forth at length herein.

52.     Plaintiff and Coinbase entered into an agreement upon Plaintiff's registration of his Coinbase user account and Coinbase's acceptance of Plaintiff's registration thereof wherein Coinbase would hold and safely securitize Plaintiff's Litecoins and his account.

53.     Coinbase's policies state that Coinbase would hold and securitize the Cryptocurrencies belonging to Coinbase users, including Plaintiff's Litecoins, with adequate security.

54.     Coinbase was charged with the duty to safely and securely keep all of the Cryptocurrencies of the Coinbase users, including the Plaintiff, in a secure online or offline

storage, and it was Coinbase' duty to see that it was properly guarded and protected, and to return all of the Cryptocurrencies to the Coinbase users and the Plaintiff on demand.

55.     In order to execute trades of Cryptocurrencies, the Coinbase users, including Plaintiff, were required to store their Cryptocurrencies in their account within the Coinbase and/or GDAX exchange trading platform.

56.     Coinbase and/or GDAX received fees from Coinbase users, including Plaintiff, for their trades of Cryptocurrency within the exchange trading platform.

57.     In accordance with the Coinbase's policies, if Coinbase users, including the Plaintiff, sustained a loss of their Cryptocurrencies as a result of an alleged breach into Coinbase and/or GDAXt, by hackers or scammers, then Coinbase would reimburse the Coinbase users, including Plaintiff, for the amount lost as a result thereof.

58.     Hackers and scammers capitalized on Coinbase's lack of adequate security protocols that were required to protect Coinbase users and he Plaintiff, and the Cryptocurrencies stored in their Coinbase and/or GDAX accounts, such as the requirement that the hackers and scammers provide input identity verification protocols, including the input of a 2FA code, in order to transfer Cryptocurrencies out of Coinbase and/or GDAX.

59.     On December 12, 2017, the Hackers illegally accessed Plaintiff's Coinbase user account without his knowledge, permission, consent, or authorization, and transferred Plaintiff's 545 Litecoins to an unknown Cryptocurrency wallet address.

60.     Plaintiff immediately notified Coinbase about his stolen 545 Litecoins, but Coinbase has failed, neglected, and/or refused to reimburse Plaintiff for his loss of those Litecoins.

61.     Coinbase's refusal to reimburse Plaintiff for his stolen Litecoins was contrary to Coinbase's policies and in violation of governmental regulations and requirements.

62.     Coinbase, in disregard of its duty, negligently, carelessly, and recklessly, failed to take proper care of or safely guard Plaintiff's 545 Litecoins held within the Coinbase and/or GDAX exchange trading platform.

63.     As a result of Coinbase's carelessness, recklessness, and negligence, Plaintiff's 545 Litecoins was stolen and wholly lost.

64.     The damage and loss to the Plaintiff were caused solely by the negligence, carelessness, and recklessness, of Coinbase.

65.     As a result of Coinbase's negligence and recklessness, Plaintiff has suffered injury and is entitled to damages in an amount to be proven at trial but in an amount no less than $204,554.85.

### COUNT IV
**(Gross Negligence)**

66.     Plaintiff repeats and realleges each and every allegation of this Complaint numbered 1 through 65 inclusive, as though more fully set forth at length herein.

67.     At all relevant times, Plaintiff has and still maintains a user account with Coinbase and GDAX which he used regularly to transmit, store, hold, buy, and sell, Cryptocurrencies.

68.     On December 12, 2017, Plaintiff's Coinbase user account contained 545 Litecoins with a value of not less than $204,554.85.

69.     On December 12, 2017, Plaintiff contacted what was advertised as the Coinbase customer support phone number (888) 455-1155, to inquire about a transfer of Litecoins which he previously initiated but which was never completed and remained pending.

70.     Upon calling the above phone number, an individual responded that he was a Coinbase customer support person and offered to assist the Plaintiff with his pending transaction. The Coinbase customer support Person insisted that Plaintiff disclose his sensitive and private information in order to resolve his issue for the transfer of Litecoins. After Plaintiff provided the

requested information, the purported Coinbase customer support person ("Hacker") transferred a total of 545 Litecoins from Plaintiff's Coinbase account to an unidentified and unauthorized cryptocurrency wallet address, without the permission, knowledge, consent or authorization of the Plaintiff.

71.     Upon information and belief, the Hacker posed and represented to this Plaintiff that he was an authorized *bona fide* Coinbase customer service support person and obtained Plaintiff's Coinbase user information such as username, passcode, and other private information in order to illegally transfer Plaintiff's cryptocurrencies held in his account to another account or a cryptocurrency wallet without authorization.

72.     Coinbase owed the duty to the Plaintiff and its users to provide security, consistent with industry standards and requirements, governmental regulations, and own its internal policies, to ensure that its computer systems, networks, and personnel, adequately protected the personal and financial information of users who utilized the Coinbase and GDAX exchange platforms, as well as ensuring that the Coinbase and GDAX customer support contact information would not be infiltrated and/or undermined by Hackers who would pose as legitimate Coinbase customer support individuals as a means to deceptively and fraudulently obtain private login information from Coinbase users or the property of the users.

73.     Upon information and belief, in order for users to execute a transfer of a user's Cryptocurrencies out of Coinbase and GDAX, Coinbase represented and warranted that it maintained an internal policy of which required the input of a "Two-Factor Authentication" code ("2FA") to verify the user's identity and to prevent fraudulent transfers to unintended parties.

74.     Plaintiff was aware and under the assumption and belief, and relied upon the representation of Coinbase, that a 2FA code would be required to be provided for in order to make any transfers out of his account.

75.     Upon information and belief, Coinbase failed and neglected to require the Hacker to input a 2FA code prior to the Hacker's transfer of the Plaintiff's 545 Litecoins to an unauthorized cryptocurrency wallet.

76.     Coinbase owed a duty of care to the Plaintiff and its users because they were foreseeable and probable victims of hackers, scammers, and inadequate data security practices that is a prevalent concern in the Cryptocurrency industry today.

77.     Coinbase solicited, gathered, and stored, sensitive and private information, Cryptocurrencies, and fiat currencies, of the Plaintiff in order to facilitate his regular transactions on the exchange platform such as to buy, sell, and transfer Cryptocurrencies.

78.     Coinbase knew or should have known that its security measures for its phone system, website or exchange platform, were inadequate and thus, exposed and rendered it susceptible and vulnerable to hackers or scammers who could pose as Coinbase customer service support personnel and deceive the Plaintiff into releasing his sensitive and thus, private information to illegally and improperly access his account.

79.     Coinbase was thus aware or should have been aware that its security measures were inadequate for its phone system, website or exchange platform and thus, allowed and permitted the unauthorized transfer of cryptocurrencies within Coinbase user accounts to unauthorized cryptocurrency wallets, including the Litecoins which were owned by the Plaintiff and contained in his Coinbase user account.

80.     The NYSDFS imposes a duty upon Coinbase to implement cyber security measures to protect the exchange, and its user's accounts, sensitive information, and funds, from unauthorized access, use or tampering.

81.     Coinbase was aware and could reasonably foresee that the inadequate security would cause the Plaintiff and other such users to sustain substantial financial harm and was therefore charged with a duty to adequately prevent hackers and scammers from intercepting Coinbase's customer service inquiries and posing as customer service support staff to Coinbase users such as Plaintiff.

82.     Coinbase consciously and recklessly disregarded the inadequate security which posed a threat to Coinbase, GDAX, Coinbase users, including Plaintiff, by hackers and scammers who wished to steal the Cryptocurrencies belonging to Coinbase users, including Plaintiff, held on the Coinbase or GDAX platform.

83.     As a direct and proximate result of Coinbase's grossly negligent conduct, Plaintiff has suffered injury and is entitled to punitive damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor on each count as follows:

a.  Awarding Plaintiff with monetary damages as allowable by law;

b.  Awarding Plaintiff with appropriate equitable relief;

c.  Awarding Plaintiff pre-judgment and post-judgment interest;

d.  Awarding Plaintiff punitive damages against Coinbase for its gross negligence;

e.  Attorneys' fees, fees and costs; and

f.  Awarding all such further relief as allowable by law.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Date:   New York, NY
        February 9, 2018

                                        Respectfully submitted,

                                        **THE DWECK LAW FIRM LLP**
                                        *Attorneys for Plaintiff*

                                        _____/s/ Robert J. Lum_____
                                        Robert J. Lum, Esq.
                                        10 Rockefeller Plaza, Suite 1015
                                        New York, NY 10020
                                        (212) 687-8200
                                        rlum@dwecklaw.com

To:
Coinbase, Inc.
*Defendant*
111 8th Avenue
New York, New York 10011

## VERIFICATION

STATE OF NEW YORK      )
                       )
COUNTY OF NEW YORK     )

 Robert J. Lum, being duly sworn, deposes and says:

 I, the undersigned, am an attorney admitted to practice in the Eastern District of New York for the United States District Court and say that I am an associate of The Dweck Law Firm, LLP, the attorneys of record for the Plaintiff herein.  I have read the Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated or alleged on information and belief, and as to those matters, I believe them to be true.  My belief as to those matters therein not stated upon knowledge, is based upon conversations with the Plaintiff and a review of the files.

 The reason I make this verification instead of the Plaintiff is because the Plaintiff resides outside the County where I maintain my office.

 I affirm the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
   February 9, 2018

         \_\_\_\_\_/s/ Robert J. Lum_____
         Robert J. Lum